UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ANGUS JNO PIERRE<br><br>    Plaintiff,<br><br>v.<br><br>SYNCHRONY BANK; FIRSTBANK OF PUERTO RICO; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; and TRANSUNION LLC<br><br>    Defendants. | Case No.: 0:23-cv-61335<br><br>**Complaint for Damages:**<br>    **Violation of Fair Credit**<br>    **Reporting Act** |

Plaintiff, Angus Jno Pierre, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I.    INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on his consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II.    PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Broward, Florida.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681(a)(c).

4. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendants, Synchrony Bank ("Synchrony") and FirstBank of Puerto Rico ("FirstBank") are and at all times relevant hereto were lending institutions regularly

doing business in the State of Florida.

6.   At all times pertinent hereto, Defendants Synchrony and FirstBank were a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq*.

7.   Defendants Synchrony and FirstBank were at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

8.   Defendants Synchrony and FirstBank are a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9.   Defendant, Experian Information Solutions, Inc. is, and at all times relevant hereto was, a lending institution regularly doing business in the State of Florida.

10.   Defendant Experian Information Solutions, Inc. ("Experian") is a credit reporting agency licensed to do business in Florida.

11.   Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

12.   Experian furnishes such consumer reports to third parties under contract for monetary compensation.

13.   At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

14.   Defendant, Equifax Information Services LLC ("Equifax") is a credit reporting agency licensed to do business in Florida.

15.   Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of Florida.

16.   Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

17.   Equifax furnishes such consumer reports to third parties under contract for

monetary compensation.

18. At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

19. Defendant, TransUnion LLC ("TransUnion"), is a credit reporting agency, licensed to do business in Florida.

20. Defendant TransUnion is, and at all times relevant hereto was, regularly doing business in the State of Florida.

21. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

22. TransUnion furnishes such consumer reports to third parties under contract for monetary compensation.

23. At all times pertinent hereto, Defendant TransUnion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III.     JURISDICTION AND VENUE

24. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

25. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) as the Plaintiff resides in and the injury occurred in Broward County, Florida and Defendants do business in Florida.

26. Personal jurisdiction exists over Defendants as Plaintiff resides in Florida, Defendants have the necessary minimum contacts with the state of Florida, and this suit arises out of specific conduct with Plaintiff in Florida.

### IV.     FACTUAL ALLEGATIONS

27. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Synchrony, FirstBank, Experian, Equifax, and TransUnion (collectively, "Defendants"), and has suffered particularized and concrete harm.

28. Equifax, Experian and TransUnion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

29. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

30. Experian, Equifax, and TransUnion have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

31. Plaintiff obtained his credit reports from Experian, Equifax, and TransUnion.

32. Plaintiff reviewed his Experian, Equifax, and TransUnion consumer report for accuracy and discovered that Synchrony account last four 4315, and FirstBank account last four 2400 (collectively the "Accounts") on his Experian, Equifax, and TransUnion consumer report in error.

33. During the course of repayment of the Synchrony account last four 4315, Plaintiff satisfied the debt in full with Synchrony for full and final settlement of Plaintiff's obligation with respect to the Synchrony account last four 4315.

34. During the course of repayment of the FirstBank accounts last four 2400, Plaintiff satisfied the debt in full with FirstBank for full and final settlement of Plaintiff's obligation with respect to the FirstBank accounts last four 2400.

35. The Defendants Synchrony and FirstBank continue erroneously to report their Accounts with balance due and owing inclusive of late fees and penalties, and a derogatory status to Experian, Equifax, and TransUnion, which are CRAs and which report accounts on Plaintiff's consumer reports that do not belong to the Plaintiff.

36. The false information regarding the erroneous Accounts appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

### PLAINTIFF'S WRITTEN DISPUTE

37. On May 5, 2023, Plaintiff sent a written dispute to Experian ("Experian

Dispute"), disputing the inaccurate information regarding the Accounts reporting on Plaintiff's Experian consumer report.

38. On or about May 5, 2023, Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Accounts reporting on Plaintiff's consumer report.

39. On or about May 5, 2023, Plaintiff sent a written dispute to TransUnion ("TransUnion Dispute"), disputing the inaccurate information regarding the Accounts reporting on Plaintiff's consumer report.

40. Upon information and belief Experian, Equifax, and TransUnion forwarded Plaintiff's Experian, Equifax, and TransUnion Disputes ("Dispute Letters") to Defendants Synchrony and FirstBank.

41. Upon information and belief, Synchrony and FirstBank received notification of Plaintiff's Dispute Letters from Experian, Equifax, and TransUnion.

42. Upon information and belief, Synchrony and FirstBank verified the erroneous information associated the Accounts to Experian, Equifax, and TransUnion.

43. Synchrony and FirstBank did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy the Accounts.

44. Experian, Equifax, and TransUnion did not conduct an investigation, contact the Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Accounts.

45. Upon information and belief, Synchrony and FirstBank failed to instruct Experian, Equifax, and TransUnion to remove their respective false information regarding the Accounts reporting on Plaintiff's Experian, Equifax, and TransUnion consumer reports.

46. Experian, Equifax, and TransUnion employed an investigation process that was not reasonable and did not remove the false information regarding the Accounts identified in Plaintiff's Dispute Letters.

47. At no point after receiving the Dispute Letters did Synchrony, FirstBank, Experian, Equifax, or TransUnion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letters.

48. Experian relied on its own judgment and the information provided to them by Synchrony and FirstBank rather than grant credence to the information provided by Plaintiff.

49. The Plaintiff has been denied credit and/or refrained from applying for needed credit because of the Accounts.

## COUNT I – EXPERIAN
## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

50. Plaintiff re-alleges and reaffirms paragraphs 1-13, 24-36, 37, 40-49, as though fully set forth herein.

51. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Accounts reporting on Plaintiff's Experian consumer report.

52. Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian published and maintained concerning Plaintiff.

53. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

54. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

55. In the alternative, Defendant Experian was negligent, entitled Plaintiff to

1    recover damages under 15 U.S.C. §1681o.

2    56.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant
3    TransUnion, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT II – EXPERIAN

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

57.    Plaintiff re-alleges and reaffirms paragraphs 1-13, 24-36, 37, 40-49 as though fully set forth herein.

58.    After receiving the Experian Dispute, Experian failed to correct the false information regarding the Accounts reporting on Plaintiff's Experian consumer report.

59.    Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

60.    As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

61.    Defendant Experian's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

62.    In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

63.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT III – EQUIFAX

**FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)**

64. Plaintiff re-alleges and reaffirms paragraphs 1-8, 14-18, 24-36, 38, 40-49, as though fully set forth herein.

65. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Accounts reporting on Plaintiff's Equifax consumer report.

66. Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

67. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

68. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

69. In the alternative, Defendant Equifax was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

70. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT IV – EQUIFAX**

**FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i**

71. Plaintiff re-alleges and reaffirms paragraphs 1-8, 14-18, 24-36, 38, 40-49, as though fully set forth herein.

72. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Accounts reporting on Plaintiff's Equifax consumer report.

73. Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

74. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

75. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

76. In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

77. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT V – TRANSUNION
## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

78. Plaintiff re-alleges and reaffirms paragraphs 1-8, 19-36, 39, 40-49, as though fully set forth herein.

79. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Accounts reporting on Plaintiff's TransUnion consumer report.

80. Defendant TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant TransUnion published and maintained concerning Plaintiff.

81. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

82. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

83. In the alternative, Defendant TransUnion was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

84. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT VI – TRANSUNION

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

85. Plaintiff re-alleges and reaffirms paragraphs 1-8, 19-36, 39, 40-49, as though fully set forth herein.

86. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Accounts reporting on Plaintiff's TransUnion consumer report.

87. Defendant TransUnion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

88. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal

and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

89. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

90. In the alternative, Defendant TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

91. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VII – SYNCHRONY AND FIRSTBANK
## Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

92. Plaintiff re-alleges and reaffirms paragraphs 1-8, 24-36, 40-49, as though fully set forth herein.

93. After receiving the Dispute Letters, Synchrony and FirstBank failed to correct the false information regarding the Accounts reporting on Plaintiff's Experian consumer report.

94. Defendants violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendants Synchrony and FirstBank representations; by failing to review all relevant information regarding Plaintiff's Dispute Letters; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendants Synchrony and FirstBank representations to consumer credit reporting agencies, among other unlawful conduct.

95. As a result of this conduct, action, and inaction of Defendants Synchrony and FirstBank, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to

be determined by the trier of fact.

96. Defendants Synchrony and FirstBank's conduct, action, and inaction were willful, rendering Defendants liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

97. In the alternative, Defendants Synchrony and FirstBank were negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

98. Plaintiff is entitled to recover costs and attorneys' fees from Defendants Synchrony and FirstBank pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks their statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted July 13, 2023

/s/ Trescot Gear
Trescot Gear
Gear Law, LLC
1405 W. Swann Ave.
Tampa, FL 33606

Mailing Address:
McCarthy Law, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
Telephone: (602) 456-8900
Fax: (602) 218-4447
litigation@mccarthylawyer.com
Attorney for Plaintiff